UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

VALMONT DENEZAIRE,

      Plaintiff,

                                        **JURY TRIAL DEMANDED**

vs.

MILLER'S ALE HOUSE, INC.,
a Foreign Profit Corporation,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES

      Plaintiff, VALMONT DENEZAIRE, through his undersigned counsel, files this

Complaint for Damages against Defendant, MILLER'S ALE HOUSE, INC., a Foreign

Corporation, and states as follows:

### INTRODUCTION

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor

    Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

### JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28

    U.S.C. §1331. At all times pertinent to this Complaint, Defendant, MILLER'S ALE HOUSE,

    INC. was an enterprise engaged in interstate commerce. At all times pertinent to this

    Complaint, Defendant, MILLER'S ALE HOUSE, INC. regularly owned and operated a

business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendant, MILLER'S ALE HOUSE, INC. operated a restaurant located at 2861 N Federal Highway, Fort Lauderdale, FL 33306. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendant, MILLER'S ALE HOUSE, INC.'s business, and moved in interstate commerce.

4. Upon information and belief, during the relevant time period, Defendant, MILLER'S ALE HOUSE, INC. had an annual gross volume of sales made or business done of not less than $500,000.00.

5. Defendant, MILLER'S ALE HOUSE, INC. is subject to the jurisdiction of this Court because it engages in substantial and not isolated activity within the Southern District of Florida.

6. Defendant, MILLER'S ALE HOUSE, INC. is also subject to the jurisdiction of this Court because it operates, conducts, engages in, and/or carries on business in the Southern District of Florida.

## VENUE

7. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

   b. Defendants were and continue to be a corporation and an individual doing business within the Southern District of Florida.

## PARTIES

8. At all times material hereto, Plaintiff, VALMONT DENEZAIRE, was and continues to be a resident of Fort Lauderdale, Broward County, Florida, and was an "employee" of the Defendant, MILLER'S ALE HOUSE, INC. within the meaning of the FLSA.

9. At all times material hereto, Defendant, MILLER'S ALE HOUSE, INC. was conducting business in Fort Lauderdale, Broward County, Florida, with its principal place of business in Orlando, Florida.

10. At all times material hereto, Defendant, MILLER'S ALE HOUSE, INC. was the employer of Plaintiff, VALMONT DENEZAIRE.

11. At all times material hereto, Defendant, MILLER'S ALE HOUSE, INC. was and continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant, MILLER'S ALE HOUSE, INC. knowingly and willfully failed to pay Plaintiff, VALMONT DENEZAIRE his lawfully earned wages in conformance with the FLSA.

13. Defendant, MILLER'S ALE HOUSE, INC. committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

14. At all times material hereto, corporate Defendant, MILLER'S ALE HOUSE, INC. was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiff, VALMONT DENEZAIRE, was directly essential to the business performed by Defendant.

16. Plaintiff, VALMONT DENEZAIRE, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. Plaintiff, VALMONT DENEZAIRE was hired by Defendant, MILLER'S ALE HOUSE, INC. as a cook at Defendants' Broward County, Florida restaurant.

18. Plaintiff, VALMONT DENEZAIRE hourly wage rate was $15.00 per hour.

19. Defendant, MILLER'S ALE HOUSE, INC. has violated the FLSA by failing to pay Plaintiff, VALMONT DENEZAIRE his overtime wage compensation of $22.50 per hour by only paying him $20.25 per hour for overtime wage compensation. Further, Defendant failed to pay Plaintiff his agreed-upon hourly wage rate of $15.00 per hour, by only paying $13.50 per hour.

20. Defendant, MILLER'S ALE HOUSE, INC. knowingly and willfully operated its business with a policy of not paying wages to Plaintiff, VALMONT DENEZAIRE, in conformance with the applicable law.

21. Plaintiff has retained Douglas E. Ede and The Madalon Law Firm to represent him in this litigation and has agreed to pay them a reasonable fee for their services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

22. Plaintiff, VALMONT DENEZAIRE, adopts and incorporates paragraphs 1 through 21 as if fully set forth herein.

23. Plaintiff, VALMONT DENEZAIRE'S employment with Defendant, MILLER'S ALE HOUSE, INC. was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

24. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours.

Plaintiff, VALMONT DENEZAIRE, was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

25. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of Defendant, MILLER'S ALE HOUSE, INC.

26. Plaintiff, VALMONT DENEZAIRE, intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

27. Defendant, MILLER'S ALE HOUSE, INC. knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, VALMONT DENEZAIRE when it knew or should have known that it was not properly paying Plaintiff.

28. Defendant, MILLER'S ALE HOUSE, INC. knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, VALMONT DENEZAIRE, at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when it knew or should have known such was due.

29. Defendant, MILLER'S ALE HOUSE, INC. failed to properly disclose or apprise Plaintiff, VALMONT DENEZAIRE of his rights under the FLSA.

30. As a direct and proximate result of Defendant, MILLER'S ALE HOUSE, INC. willful disregard of the FLSA, Plaintiff, VALMONT DENEZAIRE, is entitled to liquidated damages pursuant to the FLSA.

31. Due to the willful and unlawful actions of the Defendant, MILLER'S ALE HOUSE, INC. Plaintiff, VALMONT DENEZAIRE, has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

32. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29

U.S.C. § 216(b).

WHEREFORE, Plaintiff, VALMONT DENEZAIRE, respectfully requests that judgment

be entered in his favor against the Defendants:

    a.  Declaring that Defendant, MILLER'S ALE HOUSE, INC. violated the provisions

       of 29 U.S.C. § 207;

    b.  Awarding Plaintiff compensation in the amount calculated;

    c.  Awarding Plaintiff liquidated damages in the amount calculated;

    d.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of this

       litigation pursuant to 29 U.S.C. § 216(b);

    e.  Awarding Plaintiff post-judgment interest; and

    f.  Ordering any other and further relief this Court deems to be just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: March _15th_, 2016.

The Madalon Law Firm
Attorneys for Plaintiff
100 North Federal Hwy.,
Suite CU-5, 4th Floor
Fort Lauderdale, FL  33301
Telephone:  (954) 923-0072
Facsimile:  (954) 923-0074
Email:  doug@madalonlaw.com
       pleadings@madalonlaw.com

By: _____
    Douglas E. Ede, Esq.